**RIVER CITY RANCHES # 4, J.V., Leon Shepard, Tax Matters Partner, et al., Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 01–70197.

Tax Ct. Nos. 9551–94, 9553–94, 13596–94, 13598–94, 384–95, 987–95, 14721–95, 14723–95, 21630–95.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Nov. 26, 2001.

Before NOONAN, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM [1]

River City Ranches, # 4, J.V. et al., (collectively "River City"), three partnerships, appeal the decision of the United States Tax Court denying its motion to vacate judgment and hold an evidentiary hearing. Holding that the theft deductions now claimed have not been shown to be deductions of the partnerships in the applicable years, we affirm the judgment of the Tax Court.[2]

The parties are familiar with the facts. The pivotal facts are that Walter J. Hoyt III was the Tax Matters Partner ("TMP") for each of the partnerships in March 1997 when their cases were tried, and he controlled the information available to the lawyers for River City. The Internal Revenue Service was investigating Hoyt for tax fraud at the time of the trial, and after the trial he was indicted for, and convicted of, tax fraud. On January 19, 2000, a new TMP, Leon Shepard, was appointed. On March 28, 2000, the Tax Court decision became final. On May 1, 2000, Shepard moved to vacate the decision on the ground that Hoyt had committed fraud on the court. Shepard also asked for an evidentiary hearing. The Tax Court denied his motion.

The only way it appears that Hoyt's alleged fraud on the court would have affected the outcome of the case is if Hoyt's own thefts from the partnerships could have been claimed as deductions. River City has made no showing that such deductions could have been claimed for the tax years in question, 1987–1991. The law is that theft losses are to be deducted in

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. River City has abandoned on appeal its contention that it was also entitled to deduct section 212 ordinary and necessary business expenses.

the year they were discovered. Internal Revenue Code § 165. River City does not suggest the losses were discovered in the tax years at issue. At oral argument, although not in its briefs, River City suggested that there might be some equitable way in which the losses could be assigned to the years in question, but the argument was undeveloped, and we are unable to see its basis. Remand to the Tax Court for an evidentiary hearing would be useless when a proper ground for the deductions has not been shown.

For the foregoing reasons, the judgment of the Tax Court is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.